**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | |
|---|---|
| BARBARA LUKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. _____ |
| HENRY G. LUKEN III, | ) |
| Defendant. | ) |
| | ) |
| | ) |

## VERIFIED COMPLAINT

Plaintiff Barbara Luken ("*Ms. Luken*"), by and through her undersigned counsel, brings this Complaint against Henry G. Luken III ("*Mr. Luken*") and alleges as follows:

## NATURE OF THE ACTION

This is an action to collect on a loan Ms. Luken made to her ex-husband, Mr. Luken. The loan is in the aggregate original principal amount of $7,550,000.00. Under the terms of the parties' agreement, the loan is evidenced by two promissory notes that have matured and are due and payable in full by their own terms. Mr. Luken has defaulted under the loan agreement and the underlying promissory notes by, including, but without limitation, failing to make required payments when due and by failing to remit payment upon demand. As a result of Mr. Luken's defaults, Ms. Luken has suffered damages and seeks recovery of all outstanding principal, accrued interest, reasonable attorneys' fees, and all other fees and costs provided for under loan documents in an amount not less than $6,700,000.00.

## PARTIES AND JURISDICTION

1. Ms. Luken is a resident of Fulton County, Georgia.

2. Mr. Luken is a resident of Hamilton County, Tennessee. Upon information and belief, Mr. Luken resides at 9132 Terrace Falls Dr., Soddy Daisy, TN 37379.

3. As of the date hereof, the aggregate principal amount outstanding under the promissory notes is in excess of $6,700,000.00. In addition to the outstanding aggregate principal balance, there is outstanding accrued and unpaid interest and other fees and charges due and owing, all of which continue to accrue after the date hereof.

4. The matter in controversy, exclusive of interest and costs, exceeds $75,000, and the parties are diverse. As such, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this District.

## FACTS

6. Ms. Luken and Mr. Luken are parties to that certain Agreement, dated as of June 24, 2008, whereby Ms. Luken loaned Mr. Luken, her ex-husband, the principal amount of Seven Million Five Hundred Fifty Thousand Dollars ($7,550,000) (the "***Loan Agreement***"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

7. Ms. Luken's loan to Mr. Luken is evidenced by a Promissory Note dated June 24, 2008 ("***Note One***"), in the original principal amount of Seven Million Three Hundred Thousand Dollars ($7,300,000). A true and accurate copy of Note One is attached hereto as **Exhibit B**.

8. In addition, Ms. Luken's loan to Mr. Luken is evidenced by a second Promissory Note dated June 24, 2008 ("***Note Two***," and together with Note One, collectively, the "***Notes***"), in the original principal amount of Two Hundred Fifty Thousand Dollars ($250,000). A true and accurate copy of Note Two is attached hereto as **Exhibit C**.

2

9. Ms. Luken is the holder and owner of the Notes.

10. In accordance with their terms, the Notes are due and payable in full.

## LOAN TERMS

11. The Loan Agreement and Notes are governed by Tennessee Law.

12. Mr. Luken executed the Loan Agreement and Notes in Hamilton County, Tennessee.

13. The Notes provide that any action to enforce the Notes shall be brought in the courts of law in the State of Tennessee.

14. In the Notes, the parties acknowledged that Ms. Luken borrowed the funds she loaned to Mr. Luken from her Merrill Lynch investment account.

15. The Notes provide that, the interest rate applicable to the Notes shall be the same interest rate owed by Ms. Luken to Merrill Lynch. Furthermore, to the extent Ms. Luken was required to make interest payments to Merrill Lynch on the funds she borrowed from Merril Lynch, those interest payments would be added to the Notes as principal unless Mr. Luken made the interest payments to Merrill Lynch himself or paid Ms. Luken an amount equal to such interest payment.

## MR. LUKEN'S DEFAULT

16. On or about June 23, 2013, Luken Communications, LLC filed for bankruptcy in the Eastern District of Tennessee, triggering the maturity of the Notes.

17. Thereafter, Mr. Luken continued to make additional payments on the Notes until his most recent payment on February 24, 2020.

18. In consideration for Mr. Luken continuing to make payments on the Notes, Ms. Luken forbore from enforcing her rights and remedies.

3

19.     On or about February 25, 2021, Ms. Luken, through counsel, made demand for repayment of the Notes in full. However, Mr. Luken has failed or refused to pay the remaining amounts due on the Notes.

20.     As of the date hereof, the aggregate principal amount in excess of $6,700,000.00 is due, plus interest, attorneys' fees, and all other fees and costs provided for under the loan documents.

## CAUSES OF ACTION

## COUNT I

### Breach of Note One

21.     Ms. Luken incorporates by reference all of the foregoing allegations as though fully restated herein.

22.     Note One is a valid and enforceable contract for payment of all principal, accrued interest, reasonable attorneys' fees, and all other fees and costs in accordance with its terms and conditions.

23.     Note One has matured by its own terms.

24.     Accordingly, Note One is, by its terms, due and payable in full.

25.     Mr. Luken has defaulted on Note One by, among other things, failing to make payment in full of all amounts due Ms. Luken.

26.     Mr. Luken's failure to pay all amounts due and owing to Ms. Luken constitutes a breach of Note One and, as a result, Ms. Luken is entitled to recovery of all amounts owed from Mr. Luken on account of such breach.

4

## COUNT II

### Breach of Note Two

27. Ms. Luken incorporates by reference all of the foregoing allegations as though fully restated herein.

28. Note Two is a valid and enforceable contract for payment of all principal, accrued interest, reasonable attorneys' fees, and all other fees and costs in accordance with its terms and conditions.

29. Note Two has matured by its own terms.

30. Accordingly, Note Two is, by its terms, due and payable in full.

31. Mr. Luken has defaulted under Note Two by, among other things, failing to make payment in full of all amounts due Ms. Luken.

32. Mr. Luken's failure to pay all amounts due and owing to Ms. Luken constitutes a breach of Note Two, and, as a result, Ms. Luken is entitled to recovery of all amounts owed from Mr. Luken on account of such breach.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Luken respectfully requests that the Court enter judgment in her favor and against Mr. Luken with regard to the Notes, consisting of the outstanding principal balance of the Loan, unpaid interest, attorney's fees, and such other and further relief, as the Court deems just and proper.

Dated: February 17, 2026

Respectfully submitted,

/s/ *Ryan K. Cochran*
Ryan K. Cochran (TN Bar # 025851)
EPSTEIN BECKER & GREEN, P.C.
1222 Demonbreun Street, Suite 1400
Nashville, TN 37203
Phone: 615-564-6060
Email: RCochran@ebglaw.com

## VERIFICATION

I, Barbara Luken, pursuant to 28 U.S.C § 1746, hereby declare under penalty of perjury, that I have read the above Verified Complaint and that I am familiar with the allegations set forth in the Verified Complaint, and that such allegations are true and accurate to the best of my knowledge, information and belief.

_____
BARBARA LUKEN

7